1

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT

9          EASTERN DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,              Civ. No. 2:10-CV-00614-FCD-KJM PS

11                          Plaintiff,

12              vs.                         FINDINGS & RECOMMENDATIONS

13   PATRICIA A. MORRIS,

14                          Defendant.

15

16

17        Plaintiff United States of America has brought this action against defendant Patricia A.

18   Morris, alleging that defendant has filed a sham UCC Financing Statement with the State of

19   California purporting to impose liens on the personal property of a federal employee.  Plaintiff

20   seeks an order nullifying the filing and enjoining defendant from further such filings.  Plaintiff's

21   motion for summary judgment is pending before this court and was submitted for decision

22   following a hearing on November 17, 2010, for which defendant did not appear.

23   /////

24   /////

25   /////

26   /////

27   /////

28   /////

- 1 -

1   I.  Factual and Procedural Background

2       Plaintiff offers this factual background, which defendant has not opposed:[1]

3           In the course of his official Internal Revenue Service
        ("IRS") duties, Revenue Officer Stephen Bugos was involved in
4       the collection of unpaid taxes from Defendant Patricia Morris.
        Revenue Officer Bugos sent letters to Morris requesting that she
5       pay her delinquent income taxes. On December 4, 2008, Revenue
        Officer Bugos caused a Notice of Federal Tax Lien to be filed
6       against Patricia Morris for unpaid federal tax liabilities.

7           On November 7, 2009, Patricia Morris filed with the
        Secretary of State for the State of California a UCC Financing
8       Statement, Filing Number 09-7213707743, falsely describing
        Stephen Bugos as a debtor.  Revenue Officer Bugos is not
9       personally acquainted with Patricia Morris and he has not had any
        contact or relationship with her other than in his official capacity
10      as a Revenue Officer.  Revenue Officer Bugos has not engaged in
        any contract, security agreement, or personal transaction with
11      Patricia Morris and does not owe money to her. There is no
        legitimate reason for Patricia Morris to impose a lien on Revenue
12      Officer Bugos' personal property.

13          Revenue Officer Bugos is aware of the false UCC
        Financing Statement that Patricia Morris filed against him with the
14      California Secretary of State in the amount of $522,220.59.  The
        Financing Statement has caused him to experience distress and
15      anxiety, including concerns that the Financing Statement may have
        a negative impact on his permanent credit record.

16

17  Pl.'s Mem. Supp. Mot. Summ. J. at 1-2 (Docket No. 14-1); see also Pl.'s Stmt. Undisputed Facts

18  (Docket No. 15).

19      Plaintiff filed a complaint seeking to have the UCC Financing Statement declared null,

20  void, and of no legal effect; that the court expunge and remove any record of the UCC Financing

21  Statement from the official records of the Secretary of State for the State of California; that the

22  court grant leave to file any order or judgment obtained in the present case with the Secretary of

23  State for the State of California, and in the public records of any other jurisdiction where

24  documents identical or similar to the UCC Financing Statement may have been filed by the

25  defendant; and that the court permanently enjoin defendant Patricia A. Morris, her agents,

26  employees, and all others in active concert or participation with the defendant from filing, or

27  _____

28      [1] Defendant has not meaningfully participated in these proceedings, other than by filing
    "Notices of Conditional Acceptance" of plaintiff's filings and orders from the court.  These
    Notices do not conform to the Federal Rules of Civil Procedure.

- 2 -

1  attempting to file, any document or instrument that purports to create any nonconsensual lien or

2  encumbrance against the person or property of any employee of the United States.  On

3  September 29, 2010, Plaintiff filed a motion for summary judgment, which defendant did not

4  oppose.  The court held a hearing on the motion for summary judgment on November 17, 2010,

5  at which defendant did not appear.  For the following reasons, this court recommends granting

6  the relief requested by plaintiff.

7  II.  Analysis

8        Defendant's filings appear to raise lack of subject matter jurisdiction, lack of personal

9  jurisdiction, and lack of venue as defenses.  None of the defenses have merit.  Furthermore,

10  evidence submitted with Plaintiff's Amended Complaint and summary judgment motion

11  demonstrates that Plaintiff is entitled to the relief it seeks.  See Docket Nos. 4 & 14.

12        A.      Jurisdiction and Venue

13        The court has jurisdiction over this action based on 28 U.S.C. § 1345 and

14  26 U.S.C. § 7402.

15               1.      Subject Matter Jurisdiction

16        As provided by 28 U.S.C. § 1345, "the district courts shall have original jurisdiction of

17  all civil actions, suits or proceedings commenced by the United States . . . ."  Additionally,

18  pursuant to 26 U.S.C. § 7402(a), "[t]he district courts of the United States at the instance of the

19  United States shall have such jurisdiction to make and issue in civil actions, writs and orders of

20  injunction, and of ne exeat republica,[2] orders appointing receivers, and such other orders and

21  processes, and to render such judgments and decrees as may be necessary or appropriate for the

22  enforcement of the internal revenue laws."  Under these statutes, and the authority conferred

23  upon a magistrate judge under 28 U.S.C. § 636, this court has subject matter jurisdiction over

24  this proceeding.

25               2.      Personal Jurisdiction

26        Plaintiff served defendant with the summons and amended complaint at an address in

27  Ashland, Oregon.  Docket No. 5.  Plaintiff argues this court has personal jurisdiction over the

28

_____

[2] A writ in equity.

1  defendant because the defendant purposefully availed herself of the Eastern District of California

2  forum by filing a UCC Financing Statement against Revenue Officer Bugos in Sacramento,

3  California, with the Secretary of State for the State of California.

4         Plaintiff bears the burden of demonstrating that jurisdiction is appropriate.

5  Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004).  Where, as here,

6  the proceeding is based on written materials rather than an evidentiary hearing, the plaintiff need

7  only make a prima facie showing of jurisdictional facts.  Id.  Uncontroverted allegations in the

8  complaint must be taken as true.  Id.

9         Where there is no applicable federal statute governing personal jurisdiction, the district

10  court applies the law of the state in which it sits.  Yahoo! v. La Ligue Contre Le Racisme,

11  433 F.3d 1199, 1205 (9th Cir. 2006) (en banc).  California's long-arm jurisdictional statute is

12  coextensive with federal due process requirements. Id.; Cal. Code Civ. Proc. § 410.10.  Thus, a

13  district court is permitted to exercise personal jurisdiction over a defendant only if that defendant

14  had "certain minimum contacts" with California "such that the maintenance of the suit d[id] not

15  offend the traditional notions of fair play and substantial justice." Yahoo!, 433 F.3d at 1205

16  (internal quotation marks omitted).

17         In California, the "purposeful direction" or "effects" test is used to determine whether a

18  defendant purposefully availed herself of the forum.  Love v. Associated Newspapers, Ltd.,

19  611 F.3d 601, 609 (9th Cir. 2010).  "The effects test is satisfied if (1) the defendant committed

20  an intentional act; (2) the act was expressly aimed at the forum state; and (3) the act caused harm

21  that the defendant knew was likely to be suffered in the forum state." Id.

22         Here, those requirements are satisfied.  Defendant (1) committed an intentional act by

23  filing a UCC Financing Statement; (2) with the Secretary of State for the State of California, thus

24  expressly aimed at the forum state; and (3) against a federal employee with a California address,

25  causing harm likely to be suffered in California.  In addition, Defendant also listed a Novato,

26  California, address for herself upon the UCC Financing Statement filed with the California

27  Secretary of State.

28  /////

1    As a result, the requirements of the "purposeful direction" or "effects" test have been

2    satisfied.  Defendant purposefully availed herself of the forum, so this court has personal

3    jurisdiction.

4        3.    Venue

5    Venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391(b)

6    because a substantial part of the events giving rise to the claims of the United States — namely,

7    defendant's filing of the UCC lien with the Secretary of State of California — occurred in

8    Sacramento, which is in this judicial district.

9        B.    Plaintiff's Entitlement to the Relief It Seeks

10    Federal Rule of Civil Procedure 56 authorizes summary judgment if no genuine issue

11    exists regarding any material fact and the moving party is entitled to judgment as a matter of law.

12    The moving party bears the initial burden of showing an absence of an issue of material fact.

13    Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  The moving party may satisfy this burden

14    by showing an absence of evidence supporting the nonmoving party's case. Id.  If the movant

15    initially shows there are no genuine issues for trial, the nonmoving party cannot rest on the

16    pleadings, but must respond with evidence setting "forth specific facts showing that there is a

17    genuine issue for trial." Fed. R. Civ. P. 56(e).  When "the record taken as a whole could not lead

18    a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"

19    Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting First Nat.

20    Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 289 (1968)).  Summary judgment is appropriate

21    here because the undisputed facts demonstrate that plaintiff is entitled to judgment as a matter of

22    law.

23    As an exhibit to its amended complaint, plaintiff provided a copy of the UCC lien

24    defendant filed against Revenue Officer Bugos.  Am. Compl., Ex. 1 (Docket No. 4).  The lien is

25    frivolous on its face, because it purports to "[a]ccep[t] [f]or [v]alue" the Notice of Federal Tax

26    Lien the IRS filed against defendant and use the Notice as the basis for the lien against Revenue

27    Officer Bugos's personal property.  Furthermore, plaintiff has provided evidence that the lien is

28    not based on a business relationship or any other legitimate ground.  See Decl. of Stephen Bugos

1   ¶ 5 (Docket No. 14-2).  Defendant has not contended that the lien has any legitimate basis or

2   provided any evidence to suggest it does.  26 U.S.C. § 7402(a) permits the court to enter an order

3   expunging baseless liens filed against federal IRS personnel.  See Ryan v. Bilby, 764 F.2d 1325,

4   1327 (9th Cir. 1985).  Consequently, plaintiff is entitled to an order expunging the meritless lien.

5          Plaintiff also seeks an order permanently enjoining defendant from filing false liens

6   against federal officers.  Under 26 U.S.C. § 7402(a), the United States may obtain an injunction

7   where it is "necessary or appropriate for the enforcement of the internal revenue laws."

8   Permanent injunctive relief is appropriate where (1) the plaintiff succeeds on the merits; (2) the

9   plaintiff is likely to suffer irreparable harm in the absence of injunctive relief; (3) the balance of

10  equities tips in the plaintiff's favor; and (4) the injunction is in the public interest.  See Winter v.

11  Nat. Res. Def. Council, Inc., ___ U.S. ___, 129 S.Ct. 365, 374, 381-82 (2008) (listing factors;

12  explaining that same analysis pertains to permanent injunctive relief).  Each factor is satisfied in

13  this case.

14         First, plaintiff has succeeded on the merits: in light of the evidence it submitted and

15  defendant's failure to oppose its motion for mummary judgment, plaintiff has conclusively

16  demonstrated that the lien against Revenue Officer Bugos is without merit.

17         Second, plaintiff is likely to suffer irreparable harm in the absence of injunctive relief.

18  Here, where the United States has demonstrated a statutory entitlement to injunctive relief, it is

19  unnecessary to reach the issue of irreparable harm.  See United States v. Odessa Union

20  Warehouse Co-op, 833 F.2d 172 (9th Cir. 1987); United States v. Cohen, 222 F.R.D. 652 (W.D.

21  Wash. 2004).  Plaintiff has shown such an entitlement here because it has demonstrated that

22  defendant intentionally interfered with the administration and enforcement of the internal

23  revenue laws.  See 26 U.S.C. § 7402(a).  In the alternative, plaintiff has demonstrated it will

24  suffer irreparable harm in the absence of an injunction.  As numerous courts have recognized, the

25  filing of frivolous liens results in irreparable harm to the government because it prevents

26  employees from undertaking the vigorous and evenhanded enforcement of the internal revenue

27  laws.  See, e.g., United States v. MacElvain, 858 F. Supp. 1096, 1100-01 (M.D. Ala. 1994); see

28  also United States v. Barker, 19 F. Supp. 2d 1380, 1384 (S.D. Ga. 1998) ("Public officials

1  subject to harassing and malicious filings such as the liens at issue in this case cannot effectively

2  perform their duties.  Indeed, they may be coerced by such filings into making decisions that are

3  not in the public interest just to avoid the filing of further liens.  Consequently, the American

4  citizens at large suffer when our public officials are not able to perform their duties free of

5  harassment and attempts at extortion.").  Defendant's actions in this case demonstrate that,

6  absent an injunction, she is likely to file other frivolous liens in the future.  For example,

7  defendant filed in the court a purported "Notice of Default and Consent to Judgment" in which

8  she claimed that Plaintiff's counsel owed her $250,000.00.  See Notice of Default & Consent to

9  J. 3 (Docket  No. 7).

10      Finally, the balance of equities and the public interest weigh in favor of issuing an

11  injunction.  Defendant's lien against Revenue Officer Bugos is wholly without merit, as are

12  defendant's claims to have a contract with plaintiff's counsel.  No public interest is served by

13  permitting defendant to continue to file meritless liens against federal officers.  See Barker,

14  19 F.Supp. 2d at 1384.  By contrast, plaintiff seeks to remove an impediment to the good-faith

15  enforcement of the internal revenue laws.

16  III.  Conclusion

17      Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

18      1.  Plaintiff's motion for summary judgment (Docket No. 14) be granted;

19      2.  Plaintiff's lodged [Proposed] Order Granting Motion for Summary Judgment

20          (Docket No. 24-1) and lodged [Proposed] Order of Expungement and Permanent

21          Injunction (Docket No. 24-2) be entered;

22      3.  The UCC Financing Statement filed by defendant against Revenue Officer Bugos

23          be declared null, void, and without legal effect;

24      4.  The court expunge and remove any record of the UCC Financing Statement from

25          the official records of the Secretary of State for the State of California;

26      5.  The court grant leave to file any order or judgment obtained in the present case

27          with the Secretary of State for the State of California, and in the public records of

28  /////

- 7 -

1    any other jurisdiction where documents identical or similar to the UCC Financing

2    Statement may have been filed by the defendant; and

3    6.    The court permanently enjoin defendant Patricia A. Morris, her agents,

4    employees, and all others in active concert or participation with the defendant

5    from filing, or attempting to file, any document or instrument which purports to

6    create any nonconsensual lien or encumbrance against the person or property of

7    any employee of the United States.

8    These findings and recommendations are submitted to the United States District

9  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

10  days after being served with these findings and recommendations, any party may file written

11  objections with the court. Responses to objections shall be filed within fourteen days after

12  service of objections. Failure to file objections within the specified time may waive the right to

13  appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

14  DATED:  December 10, 2010.

16  U.S. MAGISTRATE JUDGE